Case 3:20-cv-00146   Document 7   Filed on 05/19/20 in TXSD   Page 1 of 5

United States Courts
Southern District of Texas
FILED

*May 19, 2020*

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTIN DIVISION

Gary Steve Simmons
4228 Avenue O
Galveston, Texas 77550

    PLAINTIFF,

VS.                                                       CIVIL NO.

Aames Funding Corporation DBA Aames Home Loan
c/o Specialized Loan Servicing
8742 Lucent Boulevard
Suite 300
Highlands Ranch, CO 80129

And

Specialized Loan Servicing
8742 Lucent Boulevard
Suite 300
Highlands Ranch, CO 80129

And

Danya Fuller Gladney
Barrett Daffin Frappier Turner & Engle, LLP
1900 St. James Place, Suite 500
Houston, TX 77056

    DEFENDANTS,

TRIAL BY JURY DEMANDED

---

AMENDED VERIFIED COMPLAINT

---

Plaintiff Gary Steve Simmons (hereinafter "Plaintiff) for his Complaint against Defendants Aames Funding Corporation DBA Aames Home Loan and Specialized Loan Servicing pleads as follows:

## JURISDICTION AND VENUE

1. This court has subject matter based on federal question under 28 U.S.C. §§1331 and 1367, 18 U.S.C. § 1964(c) and 15 U.S.C. § 1640 (e). This is an action asserting violation of federal commonly known as the Truth in Lending Act ("TILA")(15) U.S.C. 1601 et seq.), The Real Estate Settlement Procedures Act ("RESPA")(12 U.S.C. 2601 et seq.), and it's implementing regulations 12 C.F.R. Part 226, et seq. ("Regulation Z"), with additional claims under Texas State Law. These claims rise out of the same controversy and sequence of events.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b)(2), in that substantial part of the events giving rise to the claim occurred in this judicial district.

3. This Court has personal jurisdiction over the parties as all Defendants engage in business within the state of Texas and the Southern District of Texas and thus have sufficient contacts.

4. Jurisdiction of this Court for the pending state claims is authorized by Federal Rule of Civil Procedure 18(a).

5. Defendants, and each of them, regularly engage in business in the state of Texas and regularly provide mortgage loans and related services to the residents of the state of Texas who wish to obtain a mortgage loan and who contact or are contacted by a loan officer for assistance in obtaining the necessary financing.

6. Plaintiff brings this action against Defendants' negligent, fraudulent, and unlawful conduct concerning a residential mortgage loan transaction with the Plaintiffs. The residential mortgage concerned the property located at 4228 Avenue O, Galveston, Texas 77550.

## PARTIES

7. It is an undisputed fact that plaintiff lives at 4228 Avenue O, Galveston, Texas 77550. ("Property").

8. Plaintiff is informed, and believes, and thereon alleges that at all times mentioned in this Complaint Defendants are a diversified financial marketing and/or services corporations engaged primarily in residential mortgage banking and/or related businesses.

9. It is an undisputed fact that this action arises out of a loan and foreclosure related activity to the Property of which the Plaintiff is the rightful owner.

10. Plaintiff is informed and believes and thereon alleges that beginning in 1998, lenders their agents, employees, and related servicer's, including Defendants, developed a scheme to rapidly infuse capital into the home mortgage lending system by selling mortgages on the secondary market, normally three to five times, to create a bankruptcy remote transaction. The lenders, their agents, employees, and related servicer's, including the Defendants, then pooled these mortgages into large trusts, securitizing the pool and selling these securities on Wall Street as mortgage backed securities, bonds, derivatives and insurances, often for twenty or thirty times the original mortgage.

11. Plaintiff is informed and believes and thereon alleges that in "Selling" these mortgage notes on the secondly market, Defendants failed to follow the basic legal requirements for the transfer of a negotiable instrument and an interest in real property. While lenders could have simply gone to Congress to amend existing law so that it would allow for their envisioned transfers, they did not. Instead the lenders, Defendants included, simply ignored legal requirements.

12. Plaintiff informed and believes and thereon alleges that in fact, no interest in the Mortgage Note, Deed of Trust or Property was ever legally transferred to any of the Defendants, and that the Defendants are in effect legal strangers to this contractual transaction.

13. It is undisputed that on or about that on or about November 5, 2019, the Defendants was initiating foreclosure on the Plaintiff's Property.

## FIRST CAUSE OF ACTION
## WRONGFUL FORECLOSURE
## (AGAINST DEFENDANTS)

14. Plaintiff incorporates here each and every allegation set forth above.

15. It is an undisputed that Texas Commercial Code § 8.3A-301 specifically identifies the persons who are entitled to enforce a security interest by, among other means, instating a

foreclosure sale under deed of trust. The statute is exclusive rather than inclusive in nature, and those who are not identified do not have the right to enforce such an interest.

16. Plaintiff is informed and believes and thereon alleges that Defendants are not in possession of the Note, and is not the beneficiary, assignee or employee of the person or entity in possession of the Note and are not otherwise entitled to payment. Moreover, Plaintiff is informed and believes and thereon alleges that said Defendants are not "person(s) entitled to enforce" the security interest on the Property, as that term is defined in the state of Texas.

17. It is an undisputed fact that Defendants have failed to suspend the foreclosure action to allow the Plaintiff to be considered for alternative foreclosure prevention options.

18. It is an undisputed fact that as a direct and proximate result of said Defendants wrongful actions, Plaintiff has suffered damages, including, but not limited to, direct monetary loss, consequential damages, and emotional distress.

19. It is an undisputed fact that in committing the wrongful acts alleged herein, said Defendant acted with malice, oppression and fraud. Said Defendant's willful conduct warrants an award of exemplary damages, in an amount sufficient to punish the wrongful conduct and to deter such misconduct in the future.

## SECOND CAUSE OF ACTION
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFEDANTS)

20. Plaintiff incorporates here each and every allegation set forth above.

21. It is an undisputed fact that Defendants in that they regularly in the course of their business, is on behalf of themselves or others, engage in the collection of debt.

22. It is an undisputed fact that Defendants actions constitute a violation of the FDCPA in that they threatened to take actions not permitted by law, including but not limited to: collection on a debt not owed to Defendant, making false reports to credit reporting agencies, attempting to foreclose upon a void security interest, foreclosing upon a Note of which they were not in possession nor otherwise entitled to payment, falsely stating the amount of a debt,

increasing the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, and using unfair and unconscionable means in an attempt to collect a debt.

23. It is an undisputed fact that Defendants actions have caused Plaintiff actual damages, including, but not limited to, severe emotional distress, such as loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness and depression.

24. It is an undisputed fact that as a result of Defendants violations, Plaintiff is entitled to statutory damages in an amount to be determined at trial, actual damages according to proof and costs and reasonable legal fees.

### THIRD CAUSE OF ACTION
### NEGLIGENCE
### (AGAINST ALL DEFENDANTS)

25. Plaintiff incorporates here each and every allegation set forth above.

26. Plaintiff is further informed and believes and thereupon alleges that Defendants owed a duty to the Plaintiff to perform acts in such a manner as to not cause Plaintiff harm. Plaintiff is informed and believes and thereupon alleges that Defendants breached its duty of care to the Plaintiff when it failed to maintain the original Mortgage Note, failed to properly create original documents, and failed to make the required disclosures to the Plaintiff.

27. Further, Plaintiff is informed and believes and thereupon alleges that Defendants breached its duty of care to the Plaintiff when it took payments to which they were not entitled, charged fees they were not entitled to charge, and made or otherwise authorized negative reporting of Plaintiff's creditworthiness to various credit bureaus wrongfully.

28. It is an undisputed fact that as a result of Defendants negligence, Plaintiff suffered and continues to suffer harm and is entitled to damages according to proof and/or other relief as the court deems just.